UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Stephen J. Mattei,<br><br>              Plaintiff,<br><br>– against–<br><br><br>NewRez LLC (d/b/a Shellpoint Mortgage Servicing), Trans Union, LLC, Equifax Information Services, LLC, Experian Information Solutions, Inc.<br><br>              Defendant(s). | Civil Action No.<br><br><br>**COMPLAINT** |

## COMPLAINT

Plaintiff, Stephen J. Mattei (hereinafter "Plaintiff"), by and through his attorneys, Garibian Law Offices, P.C., by way of Complaint against Defendants, NewRez LLC, Trans Union, LLC ("Trans Union"), Equifax Information Services, LLC ("Equifax") and Experian Information Solutions, Inc. ("Experian"), alleges as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA") and other claims related to unlawful credit reporting practices. The FCRA prohibits furnishers of credit information from falsely and inaccurately reporting consumers' credit information to credit reporting agencies.

1

## PARTIES

2. Plaintiff, Stephen J. Mattei, is an adult citizen of the Commonwealth of Pennsylvania.

3. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) of the FCRA.

4. Defendant NewRez LLC ("NewRez") is a limited liability company organized and existing under the laws of Pennsylvania that furnishes consumer credit information to consumer reporting agencies.

5. NewRez also does business under the name "Shellpoint Mortgage Servicing."

6. NewRez can be served at its address of 1100 Virginia Dr., Suite 125, Fort Washington, PA 19034.

7. Defendant Trans Union is a limited liability company that engages in the business of maintaining and reporting consumer credit information.

8. Defendant Equifax is a limited liability company that engages in the business of maintaining and reporting consumer credit information.

9. Defendant Experian is a corporation that engages in the business of maintaining and reporting consumer credit information.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the rights and obligations of the parties in this action arise out of 15 U.S.C. § 1681 and 15 U.S.C. § 1681p, which provides that an action to enforce any liability created under 15 U.S.C. § 1681 may be brought in any appropriate United States District Court, without regard to the amount in controversy.

11. Venue in this district is proper on the following bases:

A. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because all defendants are residents of this judicial district pursuant to 28 U.S.C. § 1391(c)(2).

B. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

**FACTUAL ALLEGATIONS**

12. Plaintiff previously held a loan secured by a mortgage with NewRez for a property he owned in Philadelphia, PA. The loan was taken out in 2016 and from its inception, Plaintiff's payments in the amount of $1,667.72 were made automatically and in a timely fashion every month.

13. In January 2020 and February 2020, Plaintiff's payments in the amount of $1,667.72 were withdrawn, as they had been since the inception of the loan, from his Pennsylvania State Employees Credit Union account. This was the same payment Plaintiff had made throughout the term of the loan.

14. The NewRez loan is reported by NewRez on Plaintiff's consumer credit report.

15. The consumer report at issue is a written communication of information concerning Plaintiff's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or for the purpose of serving as a factor in establishing the consumer's eligibility for credit to be used primarily for personal, family, or household purposes as defined by 15 U.S.C. § 1681a(d)(1) of the FCRA.

16. Subsequently, it came to Plaintiff's attention that NewRez was incorrectly reporting that Plaintiff's payments in January 2020 and February 2020 were made late.

17. In approximately February 2020, Plaintiff contacted NewRez in order to dispute the incorrect reporting on his credit report. He was told that his monthly payment would have to be adjusted in order to provide for an increase in his property taxes for the subject property for the 2020 year.

18. Thereafter, Plaintiff immediately made payment to account for the increase in property taxes. However, Plaintiff's January 2020 and February 2020 payments were made on time and were not late.

19. At no point has Plaintiff ever been late on any payment to NewRez for the account at issue.

20. Plaintiff's NewRez loan has been paid off in full and closed.

21. Plaintiff's NewRez account was and continues to be incorrectly and inaccurately reported by Equifax, Experian and Trans Union in that it is being reported that Plaintiff's payments on his NewRez account in January 2020 and February 2020 were made late.

22. On December 3, 2020, Plaintiff, via his attorney, notified Equifax, Experian and Trans Union of a dispute with the completeness and/or accuracy of the reporting of Plaintiff's NewRez account.

23. Accordingly, Plaintiff has disputed the accuracy of the derogatory information reported by NewRez to Equifax, Experian and Trans Union in accordance with 15 U.S.C. § 1681i of the FCRA.

24. On January 4, 2021, Plaintiff requested updated credit reports for review from both Experian and Equifax. The tradeline for Plaintiff's NewRez account remained inaccurate, as Defendants failed to correct the inaccuracy.

25. On January 7, 2021, Plaintiff received a correspondence from Trans Union in response to Plaintiff's dispute. Per the correspondence from Trans Union, the tradeline for Plaintiff's NewRez account remained inaccurate and Trans Union failed to correct the inaccuracy.

26. Upon information and belief, Equifax, Experian and Trans Union did not notify NewRez of the dispute by Plaintiff in accordance with the FCRA, or alternatively, did notify NewRez and NewRez failed to properly investigate and delete the tradeline or properly update the tradeline on Plaintiff's credit reports.

## COUNT I – VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

27. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above as though the same were set forth at length herein.

28. This suit is brought against all Defendants, whose negligent and willful violations of the FCRA have damaged Plaintiff.

29. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

30. At all times pertinent hereto, the conduct of all Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard of federal law and the rights of Plaintiff.

## NEWREZ'S FCRA VIOLATIONS

31. If NewRez had performed a reasonable investigation of Plaintiff's dispute, pursuant to its obligations under 15 U.S.C. §1681s-2(b), Plaintiff's NewRez account would

have been updated to reflect that there were no late payments on Plaintiff's NewRez account.

32. NewRez has nonetheless willfully, maliciously, recklessly, wantonly, and/or negligently failed to meet the requirements set forth under the FCRA, which has resulted in the intended consequences of this inaccurate information remaining on Plaintiff's credit reports.

33. NewRez failed to conduct a complete, accurate or reasonable investigation and upon information and belief, verified the inaccurate information that was disputed by Plaintiff.

34. NewRez should have discovered that the information it was reporting to the credit reporting agencies was not accurate.

35. Had NewRez properly investigated Plaintiff's dispute, it would have corrected the reporting.

### **CREDIT REPORTING AGENCIES' FCRA VIOLATIONS**

36. Trans Union, Equifax and Experian (collectively, the "Credit Reporting Agencies") violated their duties under 15 U.S.C. § 1681a to conduct a good faith investigation into Plaintiff's dispute.

37. Plaintiff's detailed and thorough dispute provided the Credit Reporting Agencies with sufficient information to show that Plaintiff's subject account was being reported inaccurately.

38. The Credit Reporting Agencies failed to conduct a good faith and/or reasonable investigation into Plaintiff's dispute.

39. Further, the Credit Reporting Agencies failed to properly maintain and failed to follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit report, concerning the account in question, thus violating the FCRA. These violations occurred before, during, and after the dispute process began with the Credit Reporting Agencies.

## CLAIM FOR RELIEF

40. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

41. Trans Union is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(f).

42. Equifax is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(f).

43. Experian is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(f).

44. NewRez is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

45. NewRez is reporting inaccurate credit information concerning Plaintiff to one or more credit bureaus as defined by 15 U.S.C. § 1681a of the FCRA.

46. Plaintiff notified the Credit Reporting Agencies directly of a dispute regarding the reporting of the subject account's completeness and/or accuracy, as reported.

47. NewRez failed to complete an investigation of Plaintiff's written dispute and provide the results of an investigation to Plaintiff and the Credit Reporting Agencies within the 30-day statutory period as required by 15 U.S.C. § 1681s-2(b).

48. NewRez failed to promptly modify the inaccurate information on Plaintiff's credit report in violation of 15 U.S.C. § 1681s-2(b).

49. The Credit Reporting Agencies failed to delete information found to be inaccurate, reinserted the information without following the FCRA, and/or failed to properly investigate Plaintiff's dispute.

50. The Credit Reporting Agencies failed to maintain or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report, concerning the account in question, in violation of 15 U.S.C. § 1681e(b).

51. As a result of Defendants' violations of the FCRA, Plaintiff suffered actual damages in one or more of the following categories: lower credit score, denial of credit, embarrassment and emotional distress caused by the inability to obtain financing for everyday expenses, rejection of credit card application, higher interest rates on loan offers that would otherwise be affordable and other damages.

52. As a result of the above violations of the FCRA, Defendants are liable to Plaintiff for actual damages, punitive damages, statutory damages, attorneys' fees and costs.

    **WHEREFORE**, Plaintiff demands that judgment be entered against Defendants as follows:

1. That judgment be entered against Defendants for actual damages pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o;

2. That judgment be entered against Defendants for punitive damages pursuant to 15 U.S.C. § 1681n;

3. That the Court award costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o; and

4. That the Court grant such other and further relief as may be just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

Dated: February 8, 2021 **GARIBIAN LAW OFFICES, P.C.**

By: Antranig Garibian, Esq. (PA Bar No. 94538)
1800 JFK Blvd., Suite 300
Philadelphia, PA 19103
Phone: (215) 326-9179
ag@garibianlaw.com
*Attorneys for Plaintiff*